# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**BEVERLY LANDIS,**

      **Plaintiff,**

    vs.                                           Case No. 05-2329-JWL

**CATHOLIC CHARITIES, INC.**

      **Defendant.**

## JOINT STIPULATED PROTECTIVE ORDER

      WHEREAS, the parties are required, pursuant to Rule 26(a)(1) disclosures and requests for production of documents, to produce documents and other tangible things in their possession, custody, or control; and

      WHEREAS, the parties mutually recognize the need to protect the confidential nature of certain documents including employee discipline, termination, health, wage, benefit and other personnel matters to be provided, as well as medical records or other documentation that may reveal medical and/or health information of defendant's patients;

      WHEREAS, this Court has for some time recognized the good cause supporting the need to protect the confidential nature of certain documents including employee discipline, termination, health, wage, benefit and other personnel matters, as well as medical records or other documentation that may reveal medical and/or health information of defendant's patients; and

      WHEREAS, the above parties agree that these confidential documents and the information contained therein should be given the protection of an order of this Court in order to prevent injury through disclosure to persons other than those persons involved in the prosecution of this litigation;

      NOW, THEREFORE, IT IS HEREBY STIPULATED:

      1.    That the parties may designate certain types of documents, including employee discipline, termination, health, wage, benefit and other personnel matters to be provided, as well as medical records or other documentation that may reveal medical and/or health information of defendant's patients, provided pursuant to Rule 26(a)(1) disclosures and requests for production of documents, as confidential;

2. That the Confidential Documents and the information contained therein and derived therefrom shall be used by any party to this case (other than the party producing the document) only for the purposes of this case and for no other purpose and under no circumstances other than those specifically provided for in this or a subsequent order of court, shall any party receiving such material disclose it to persons other than the following:

(a) The Court, pursuant to Paragraph 6 of this Order;

(b) Counsel who have appeared of record for a party in this case and employees of such counsel;

(c) Named parties and officers or employees of a party in this case who are assisting counsel in the prosecution or defense of this case;

(d) Persons specially retained by a party or counsel in this litigation to assist in the preparation of this litigation for trial who are not regular employees of a party to this litigation, and only if such persons need such Confidential Documents;

(e) Any person of whom testimony is taken or to be taken in this litigation, except that such a person may only be shown Confidential Documents during his/her testimony and in preparation therefore, and only to the extent necessary for such preparation of testimony;

(f) Any mediator appointed by the Court or agreed to by the parties.

3. That the Confidential Documents and the information contained therein or derived therefrom may be disclosed to and discussed with the persons identified in Paragraphs 2(c) and 2(d) only on the following terms and conditions:

(a) Prior to any such disclosure and discussion each such person shall sign a written agreement to be bound by this Order, in the form attached as Appendix A; and

(b) The signed written agreement shall be kept by the party's attorney and a copy shall be produced upon written demand of opposing counsel or upon order of the Court.

4. That prior to disclosing the Confidential Documents to any person pursuant to Paragraph 2(e), a party shall: (1) apprize that person of the confidential nature of the documents; (2) apprize that person that by signing the document attached hereto as Appendix A, the use of such documents or their contents by such persons cannot be used for any purpose other than this litigation, and may not discuss the disclosure of such document or its contents to any person; and (3) show that person a copy of this order, specifically informing him or her of the contents of Paragraph 5 hereof;

5. That each person given access to the Confidential Documents and the information contained therein or derived therefrom pursuant to Paragraphs 2(b), 2(c), 2(d) or 2(e) shall segregate such material,

keep it strictly secure, and refrain from disclosing in any manner any information set forth in said documents, and shall keep such documents and the information contained therein or derived therefrom confidential, <u>except</u> as provided by the express terms of this Order;

      6.      That in the event any party determines to file with or submit to this Court any Confidential Documents produced by the opposing party or any documents making reference to such Confidential Documents produced by the opposing party, the party intending to make such filing shall inform the opposing party who produced such Confidential Documents at least five (5) calendar days prior to such filing of such party's intent to make such filing specifically identifying what Confidential Documents such party intends to file to enable the party who produced such Confidential Documents to seek leave of Court to have such confidential documents filed under seal in accordance with *Holland v. GMAC Mortg. Corp.,* 2004 WL 1534179, at *2 (D. Kan. June 30, 2004);

      7.      That if any party objects to the designation of a document as "CONFIDENTIAL," such party may apply to the Court for a ruling that the document shall not be so treated after giving ten (10) days prior written notice of such application to all other parties. Unless and until this Court enters an order changing the confidential designation of the document, such document shall continue to be protected as provided for in this Order;

      8.      That in the event any Confidential Documents are used in any court proceeding herein, including depositions, such document shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect the confidentiality of documents during such use;

      9.      That by this Stipulated Protective Order the parties do not waive any legal right or privilege to object to the production of any document, including any right or privilege under the work product doctrine or attorney-client privilege;

      10.      That if any party has cause to believe that a violation of this Order has occurred or is about to occur, such party may ask this Court or any other proper court for appropriate relief;

      11.      That at the conclusion of this litigation, all Confidential Documents and copies thereof in the possession, custody, or control of any party or counsel shall be returned to the party from whom such Confidential Documents were obtained.

      IT IS SO STIPULATED.

          IT IS SO ORDERED this 3rd day of February, 2006.

                                      s/ Gerald L. Rushfelt
                                      Gerald L. Rushfelt
                                      United State Magistrate Judge

## APPENDIX A

TO: The United States District Court Judge

    Re:    Confidential Documents Subject to Protective Order in
Beverly Landis vs. Catholic Charities, Inc., United States District Court Case No. 05-2329-JWL-DJW

Dear Sir:

This is to certify that the undersigned has read and is fully familiar with the provisions of the Protective Order dated _____, 2006, signed by the United States District Court Judge and filed in the captioned matter (hereinafter referred to as ("Protective Order").

As a condition precedent to examining any discovery material pursuant to the Protective Order, or obtaining any information contained in or derived from said material, the undersigned hereby agrees that the Protective Order shall be deemed to be directed to and shall include the undersigned, and the undersigned shall observe and comply with the provisions of the Protective Order.

    Very truly yours,

_____
Name

_____

_____

_____
Address

SIGNED at:_____,

this _____ day of _____, 2006.

Respectfully submitted by,

Mr. Steven D. Horak
8790 Mastin Street
Overland Park, Kansas  66212-2559
Telephone: (913) 381-6515
Facsimile: (913) 888-\_\_\_\_\_
steve@80.com

By:_____
       Steven D. Horak        #15351

**ATTORNEYS FOR PLAINTIFF**


McANANY, VAN CLEAVE & PHILLIPS, P.A.
707 Minnesota Avenue, Fourth Floor
Post Office Box 171300
Kansas City, Kansas  66117-1300
Telephone:     (913) 371-3838
Facsimile:       (913) 371-4722
E-mail:  ggoheen@mvplaw.com


By:/ s Gregory P. Goheen_____
       Gregory P. Goheen      #16291

**ATTORNEYS FOR DEFENDANT**